# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ROOSEVELT REO PR, CORP.,

    **Plaintiff,**

    v.

VIRGINIA SILVA-NAVARRO, MILTON SILVA-NAVARRO, AND THE CONJUGAL PARTNERSHIP BETWEEN THEM, UNITED STATES OF AMERICA

    **Defendants.**

Civil No. 16-1036 (ADC)

## OPINION AND ORDER

Before the Court are co-defendant Virginia Silva-Navarro's ("Silva-Navarro") motions to set aside the judgment and for stay of eviction. **ECF Nos. 75, 79.**

For the following reasons, the Court hereby **DENIES** Silva-Navarro's motions for relief of judgment and to stay the eviction at **ECF Nos. 75, 79.** Plaintiff's motions in compliance at **ECF Nos. 87, 93** and Silva-Navarro's filings at **ECF Nos. 88, 90, 91** are **NOTED**.

## I. Procedural Background

On January 2016, Roosevelt Cayman Asset Company commenced this action against Silva-Navarro, Milton Silva-Navarro, Isabel Lugo-Vélez, and their Conjugal Partnership. **ECF No. 1.** Plaintiff asserted that jurisdiction "lies in diversity of citizen[ship]." *Id.* To that extent, plaintiff claimed that Roosevelt Cayman Asset Company's "principal place of business is located in Cayman Islands" while defendants were all residents of Puerto Rico. *Id.*, at 1-2. Defendants were personally served with summons and copy of the complaint on March 2016. **ECF Nos. 8,**

**9, 10, 11**. On plaintiff's motion, the Court granted the entry of default against Silva-Navarro. **ECF Nos. 13, 16**. Silva-Navarro does not question the fact that she was served with process in March 2016.

Plaintiff then moved for default judgment. **ECF Nos. 15, 17**. However, the Court ordered plaintiff to show cause "as to why the United States should not be brought as defendant in this case pursuant to 28 U.S.C. § 2410, as well as Citibank N.A., so that they may appear and assert their interest in the instant claim." **ECF No. 18.** Plaintiff decided to request leave to file an amended complaint "only to include the United States of America as defendant." **ECF No. 20**. The Court granted plaintiff's motion for leave to file the amended complaint and plaintiff proceeded accordingly. **ECF Nos. 21, 22**.

After serving process upon the newly-added defendant, the United States of America, plaintiff moved for entry of default against defendants since no responsive pleading was filed in connection with the amended complaint. **ECF Nos. 24, 25, 26, 30, 32, 33.** On March 2017, the Court granted plaintiff's motions for entry default. **ECF Nos. 34, 37.** Plaintiff then moved for default judgment, which was finally entered against all defendants on May 31, 2017. **ECF Nos. 39, 41.**

Due to the "difficult situation" caused by Hurricane María, plaintiff requested a temporary stay of the foreclosure in order to give the parties space for potential loss mitigation. **ECF No. 45** at 1. The Court granted the stay as requested. **ECF No. 47**. Months later, the stay was lifted and on July 2018, the Court granted plaintiff's motion for execution of judgment. **ECF Nos.**

**53, 56.** On plaintiff's motion, an Order of execution of judgment was entered in the case. **ECF No. 57.**

On January 2019, plaintiff requested the "substitution of Plaintiff from Roosevelt Cayman Asset Company to Roosevelt REO PR Corp., pursuant to FRCP 25 (3)(c)." **ECF No. 59** at 2. Plaintiff also filed a motion for confirmation of sale. **ECF No. 64**. The Court granted both motions. **ECF Nos. 65, 67**. Subsequently, plaintiff moved for cancellation of junior liens and for eviction. **ECF Nos. 68, 69.** Pursuant to Article 231 of the Puerto Rico Mortgage Act, the Court granted the motion for cancellations of junior liens. **ECF No. 70.** However, the Court held plaintiff's motion for eviction in abeyance until plaintiff submitted evidence of notice of the request for eviction to defendants' last known address. **ECF No. 72**. On August 23, 2019, plaintiff filed a motion certifying that notice of the eviction was provided to defendants, including Silva-Navarro. **ECF No. 73.**

On August 29, 2019, Silva-Navarro filed a motion to "Set Aside Judgment [and for] stay of eviction and execution of judgment." **ECF No. 75.** She argued that the foreclosed Mortgage Deed is "null" because the lender's representative failed to initial and to sign the Mortgage Deed. **ECF No. 75** at 1-3. Due to these alleged omissions, Silva-Navarro requested the reimbursement of all the amounts payed to the lender under the loan secured by the challenged Mortgage Deed. *Id.*, 6-7. Finally, Silva-Navarro contended that plaintiff failed to serve process with copy of the amended complaint and to provide proof of proper notice of the motion for eviction. *Id*.

Plaintiff filed a short response contending that Silva-Navarro's motion did not meet the threshold requisites under Federal Rules of Civil Procedure 55 and 60 to set aside a final and unappealable judgment. **ECF No. 77**. Silva-Navarro replied and incorporated new arguments. **ECF No. 79.** Among the reply's more salient new arguments, Silva-Navarro argued that the Court lacked subject matter jurisdiction to enter judgment under 28 U.S.C. § 1332. *Id.* In support, Silva-Navarro argued that plaintiff failed to state the jurisdiction in which plaintiff was incorporated and that it had no "judicial personality" because it was not "recorded in Puerto Rico." *Id.*, at 7, 8; **ECF No. 88** at 2. Alternatively, she argued that the original plaintiff was substituted for a non-diverse party (*i.e.* Roosevelt REO PR, CORP.), thereby destroying diversity. **ECF No. 79** at 9.

The Court ordered plaintiff to show cause as to why Silva-Navarro's motions should not be granted. **ECF No. 82.** The Court specifically ordered plaintiff to address Silva-Navarro's subject matter jurisdiction arguments. *Id*. Plaintiff filed a timely motion in compliance. **ECF No. 83.** On November 6, 2019, Silva-Navarro filed a response to plaintiff's motion in compliance. **ECF No. 84.** In her motion, Silva-Navarro simplified the issues before the Court and conceded that her arguments boiled down to two "basic issues." **ECF No. 83** at 1-2. First, whether the Mortgage Deed is enforceable under Puerto Rico law and, second, whether the Court lacked subject matter jurisdiction. *Id*.

Plaintiff opposed and submitted documents in support. **ECF No. 87.** Silva-Navarro replied by reiterating the same arguments it had advanced in her prior motions. **ECF No. 88.**

Plaintiff filed a sur-reply restating its previous arguments. **ECF No. 89.** Silva-Navarro filed two motions informing alleged *ex parte* communications. **ECF No. 90, 91.** Plaintiff submitted certified translations in connections with the motion at **ECF No. 87**. *See* **ECF No. 93**.

## II. Standard of Review

Federal Rule of Civil Procedure 60(b) states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1)     mistake, inadvertence, surprise, or excusable neglect;
(2)     newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)     fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4)     the judgment is void;
(5)     the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)     any other reason that justifies relief.

This rule "must be construed so as to recognize the importance of finality as applied to court judgments. On the other hand, the rule must be construed so as to recognize the desirability of deciding disputes on their merits." *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Loe. No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 19 (1st Cir. 1992). The First Circuit's Rule 60(b) test includes the following criteria: "(1) timeliness, (2) the existence of exceptional circumstances justifying extraordinary relief, and (3) the absence of unfair prejudice to the opposing party." *Id*., at 20. "There is, however, an additional sentry that guards the

gateway to Rule 60(b) relief... a litigant, as a precondition to relief under Rule 60(b), must give the trial court reason to believe that vacating the judgment will not be an empty exercise." *Id.*

**III.     Analysis**

As a threshold matter, the Court finds that Silva-Navarro's motions at **ECF No. 75, 79** are untimely. Silva-Navarro was personally served with process on March 2016. **ECF Nos. 8, 9, 10, 11.** Default was entered against Silva-Navarro for her failure to appear. **ECF Nos. 13, 16.** Finally, default judgment was entered on May 2017. **ECF No. 41.** Silva-Navarro has never questioned the fact that she was properly served with process in March 2016.[1] Moreover, Silva-Navarro does not address the untimeliness of her requests. Therefore, the motions for relief of judgment at **ECF No. 75** and the reply at **ECF No. 79** (which added new arguments) are untimely, as they were filed years after the judgment became final. *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Loe. No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17 (1st Cir. 1992).

Nonetheless, considering the fact that Silva-Navarro also calls into question the Court's subject matter jurisdiction in entering judgment, the Court will address and rule upon Silva-Navarro's claims and arguments.

*A.     Subject matter jurisdiction*

Silva-Navarro collaterally attacks the judgment by challenging the Court's subject matter jurisdiction. **ECF No. 79** at 3-7. She argues that plaintiff is not a diverse party for purposes of the

---

[1] Silva-Navarro only questioned plaintiff's failure to serve process with regards to the amended complaint. Nothing was said, however, in regards to the fact that she was in default prior to the filing of the amended complaint at **ECF No. 22**.

diversity statute and that plaintiff does not enjoy "judicial personality" because it is not registered as an "en comandita" partnership or otherwise in Puerto Rico or the United States. **ECF Nos. 79, 88** at 2.

"A district court's express or implicit determination that it has jurisdiction is open to direct review, but it is res judicata when collaterally attacked." *Baella-Silva v. Hulsey*, 454 F.3d 5, 9 (1st Cir. 2006) (citing *Fafel v. DiPaola*, 399 F.3d 403, 410 (1st Cir. 2005)). The First Circuit "has established a high bar for collaterally vacating a judgment for lack of subject-matter jurisdiction." *Id*. "Namely, the judgment must be void in order to be vacated for lack of subject-matter jurisdiction on collateral review[.]" *Id*. Noting the difference between a void judgment and an erroneous one, the First Circuit explained that:

> [a] void judgment is one which, from its inception, was a complete nullity and without legal effect.... While absence of subject matter jurisdiction may make a judgment void, such total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction ... [which] will not render the judgment void. Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

*Id.*, (quoting *Fafel v. DiPaola*, 399 F.3d at 410; *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)). Accordingly, the Court is called to examine "if the record supports an 'arguable basis' for concluding that subject-matter jurisdiction existed, [in which case] a final judgment cannot be collaterally attacked as void." *Id*.

Here, the record shows that the original plaintiff, Roosevelt Cayman Asset Company, is an "exempted company" organized under the laws of the Cayman Islands, British Overseas

Territory. **ECF No. 87**. "Exempt companies" organized under the laws of the Cayman Islands are "corporations" for purposes of the diversity jurisdiction. *See Bautista Cayman Asset Co. v. The Ferrer Group, Inc.*, Civil No. 15-2277 (GAG), 2016 WL 1642630, at 1 (D.P.R. Apr. 25, 2016); *Triangle Cayman Asset Co. 2 v. Empresas Omajede, Inc.*, Civil No. 17-2372 (PG), 2019 WL 1499331, at *2 (D.P.R. Apr. 3, 2019); *Bautista Cayman Asset Co. v. Asociación de Miembros de La Policía De Puerto Rico*, Civil No. CV 17-1167 (CCC), 2018 U.S. Dist. LEXIS 125412 (D.P.R. July 18, 2018). Thus, contrary to Silva-Navarro's unsupported arguments, Roosevelt Cayman Asset Company is a "corporation" for purposes of diversity, not an "en comandita" partnership. **ECF No. 88** at 2-3.

Moreover, Silva-Navarro's argument challenging plaintiff's lack of "judicial personality" also misses the mark under the Puerto Rico's General Corporations Act. **ECF No. 88** at 2-3. Article 13.03 of Puerto Rico's General Corporations Act bars a foreign corporation that has been doing business in Commonwealth without authorization from filing a complaint before the Commonwealth Courts. P.R. Laws Ann. tit. 14, § 3803. However, Article 13.05 of the General Corporations Act states that: "[t]he following activities[]… shall not constitute doing business… (1) Initiate, defend or settle any judicial process… (7) Create or acquire debts, mortgages, or real property securities. (8) Guaranty or **collect debts or foreclose on mortgages, or securities on the properties which guaranty such debts**." P.R. Laws Ann. tit 14, § 3805 (emphasis added). Therefore, the Court's doors were not closed to plaintiff even if it was not registered as a corporation doing business in Puerto Rico.

The Court now turns to examine whether Roosevelt Cayman Asset Company, as a "corporation," was a diverse party at the time of filing the complaint. The relevant test under 28 U.S.C. § 1332(c)(l) is dual: place of incorporation and principle place of business. According to the docket, plaintiff's principal place of business "is the Cayman Islands." **ECF No. 22** at 1-2. Likewise, its place of incorporation is the Cayman Islands. **ECF No. 78-1**. On the other hand, defendants are citizen of the United States residing in Puerto Rico. **ECF No. 22-1**. Accordingly, the record reflects that at the time judgment was entered, complete diversity existed among the parties. To wit, defendants' citizenships are different from plaintiff's dual citizenship. Therefore, the record "supports an 'arguable basis' for concluding that subject-matter jurisdiction existed," and thus the "final judgment cannot be collaterally attacked as void." *Baella-Silva v. Hulsey*, 454 F.3d at 9-10.

Alternatively, Silva-Navarro argues that diversity was destroyed by plaintiff's substitution. **ECF No. 79.** She posits that by granting the post-judgment substitution in favor of Roosevelt REO PR CORP., a Puerto Rico corporation, diversity was destroyed. This argument, however, is inapposite to settled law. "[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." *Malian v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). "This time-of-filing rule is hornbook law (quite literally) taught to first-year law students ... It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing." *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 570-71 (2004). Therefore, "the citizenship of a party who is substituted under

Rule 25 normally is immaterial." 13E Wright & Miller, Fed. Prac. & Proc. Jurs. § 3608. In this case, plaintiff was substituted under Fed. R. Civ. P. 25. Accordingly, whether Roosevelt REO PR CORP. is a diverse party is "immaterial."

In one of her several replies and responses, Silva-Navarro vaguely argues that the "time of filing rule" is not the applicable test to the case at bar. **ECF No. 90**. According to Silva-Navarro, instead the Court should apply the test formulated in *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136 (1st Cir. 2004). Concededly, *Am. Fiber & Finishing* held that in certain circumstances the courts were not bound by the "time of filing" rule in determining whether diversity jurisdiction attached. However, Silva-Navarro failed to realize a simple fact that singlehandedly destroys her argument. To wit, in *Am. Fiber & Finishing* the First Circuit took caution in underscoring that "there was **no post-filing transfer of interest** in the instant case. Tyco Healthcare had acquired all of Kendall's assets and liabilities… **over two years before AF & F commenced this action**." *Id*., at 140 (internal citations omitted, and emphasis added). Thus, contrary to the facts in *Am. Fiber & Finishing*, in the instant case the transfer of interest and substitution took place only **after** the entry of judgment. *Id*. So, even if the Court applied *Am. Fiber & Finishing* and the case law analyzed therein, the "time of filing" rule would still control the case at bar.

Because the record reflects arguable basis to hold that jurisdiction existed, Silva-Navarro is barred from collaterally attacking the final judgment. Even if the Court were to entertain Silva-

Navarro's untimely arguments, the request to vacate the final judgment for want of jurisdiction should be denied.

### B. *Mortgage Deed*

Silva-Navarro asserts that the foreclosed mortgage is "null" because the Mortgage Deed lacked two requirements: lender's representative initials and signature. **ECF No. 75** at 2. In opposition, plaintiff submitted at **ECF No. 83-2** copy of the Mortgage Deed allegedly extracted from the notary public's protocol. This copy of the mortgage Deed includes the lender's representative initials throughout the document and also includes his signature at the bottom of the deed's last page. *Id.* In addition, plaintiff explained

> common practice in the industry [dictates] that right after the execution of a mortgage, the notary gives to each party a simple copy of the instrument. Typically, the notary only prepares a certified copy of an instrument, such as the foreclosed mortgage, for submissions in the Property Registry. This is so, because each certified copy cancels stamps, which increases the costs of doing business. **ECF No. 83** at 5.

Notwithstanding, Silva-Navarro opposed and purported that the copy of the Mortgage Deed at **ECF No. 83-2** was not certified by the Notary Public who authorized the original Mortgage Deed. **ECF No. 84** at 2. Thus, according to Silva-Navarro, the new copy of the Mortgage Deed submitted by plaintiff should be disregarded. Silva-Navarro also suggested that certain deviations from the Puerto Rico Notarial Act might have taken place in connection with the Mortgage Deed. *Id.*[2]

---

[2] Silva-Navarro added an argument regarding a violation under "Federal Relations Act. . . 48 U.S.C. 872." **ECF No. 84** at 4. She argued that the Court "authorized a foreclosure case depriving the People of Puerto Rico of internal

In response, plaintiff provided another copy of the Mortgage Deed. This time the copy includes an explicit certification from the notary public that authorized the original deed. **ECF No. 87-1** (certified translation at **ECF No. 93-2**). As the record shows at **ECF No. 87-1** (certified translation at **ECF No. 93-2**) the Mortgage Deed contains the lender's representative initials at the left margin of every page. *Id*. Moreover, it also has his signature at the bottom of the last page of the instrument. *Id*.

Even though the Mortgage Deed at **ECF No. 87** contains the Notary Public's certification, Silva-Navarro also takes issue with this filing and flags new alleged flaws. She contends that the copy submitted at **ECF No. 87-1** (certified translation of the Notary Public's certification at **ECF No. 93-2**) is not a true and exact copy of the deed because it lacks several Puerto Rico internal revenue stamps. **ECF No. 88** at 4. Silva-Navarro's also questions the "statement of authenticity" of the Mortgage Deed. *Id.*, at 6.

Despite Silva-Navarro's attacks to the copy of the Mortgage Deed at **ECF No. 87, 93-2**, under Puerto Rico notarial law, a deed is presumed valid. *In re Feliciano Ruiz*, 17 P.R. Offic. Trans.

---

revenue." *Id*. Silva-Navarro further suggests that the Court "may want to hear the position of the Puerto Rico Financial Oversight Board, and the Government of the Commonwealth of Puerto Rico in this matter, because Puerto Rico may lose a substantial amounts of money if the decision were to be that this Honorable Court will not require Internal Revenue Stamps in the public deeds submitted by parties before this Honorable Court." **ECF No. 84** at 5. This farfetched conclusion results from Silva-Navarro's misinterpretation of plaintiff's arguments at **ECF No. 83.** Contrary to Silva-Navarro's convoluted theory and borderline-offensive insinuation about this Court's rulings, plaintiff's argument at **ECF No. 83** was quite simple. To wit, plaintiff argued that the notary public customarily provides the parties with "simple copies" of the deed. **ECF No. 83** at 5. Clearly, no one has suggested or, for that matter, concluded that the Mortgage Deed was exempt from cancelling internal revenue stamps as required under Puerto Rico law. Thus, this argument is unbecoming and deserves no further consideration.

322, 117 D.P.R. 269 (1986) (the notary public "attests to the fact and **assures that the instrument meets all the formalities, both formal and substantive, of the law; that it is true and lawful; and that the transaction involved is a valid one**" (emphasis added)). Moreover, the Mortgage Deed at issue was recorded in the Property Registry, which supposes that it canceled the required stamps according to Puerto Rico law. *See* P.R. Laws Ann. tit. 4, § 851; *et seq*. Finally, the copy at **ECF No. 87-1, 93-2** explicitly includes the Notary Public's certification attesting that it is a true copy of the original instrument. *See* certified translation at **ECF No. 93-2**. The Court has no reason to question the certification from a third-party Notary Public. For these reasons, the Court holds that the certified copy submitted by plaintiff at **ECF No. 87-1, 93-2** is adequate and suffices for purposes of the analysis at hand.

Silva-Navarro's arguments for relief of judgment due to "nullity" of the Mortgage Deed are thus unavailing. However, Silva-Navarro is not without recourse. She has adequate venues available under state law to challenge any purported notarial wrongdoing.

### C.  *Personal Jurisdiction*

Wedged between her main two arguments, Silva-Navarro included a succinct argument involving personal jurisdiction. She argues that the Court lacks personal jurisdiction over her because she was not served with the amended complaint. **ECF No. 75** at 9.

However, under Fed. R. Civ. P. 5(a)(2), "[n]o service is required on a party who is in default for failing to appear" except if the "pleading [] asserts a new claim for relief against such party []." Here, the Court entered default against Silva-Navarro **four months before plaintiff**

**filed the amended complaint** due to her failure to appear after she was personally served with copy of the summons and the original complaint. **ECF Nos. 14, 16**. Moreover, the amended complaint at **ECF No. 22** did not vary from its original version in any manner that would require plaintiff to serve process pursuant to Fed. R. Civ. P. 5. **ECF No. 22.** The amended complaint simply incorporates the United States as a nominal co-defendant. **ECF No. 22** at 1-2. Nothing else changed. *Id*. Thus, pursuant to Fed. R. Civ. P. 5(a)(2), plaintiff was not required to serve copy of the amended complaint upon Silva-Navarro because she was in default.

IV. **Conclusion**

For all the above, the Court hereby **DENIES** Silva-Navarro's motions to set aside the judgment at **ECF Nos. 75, 79.** Plaintiff's motions in compliance at **ECF Nos. 83, 87, 93** are **NOTED**. For all the above, Silva-Navarro's **ECF No. 91** is **NOTED**.

Pursuant to the moratorium issued by the Secretary of the United States Department of Housing and Urban Development ("HUD") and the Federal Housing Finance Agency ("FHFA"), and Chief Judge, Gustavo A. Gelpí's Order, Misc. No. 20-088, the motion for eviction at **ECF No. 69** is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile its motion for eviction after May 30, 2020.

    **SO ORDERED**

At San Juan, Puerto Rico, on this 24th day of March, 2020.

                                        **S/AIDA M. DELGADO-COLÓN**
                                        **United States District Judge**